## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JEWEL MARY HARRELSON,** | * | |
| **Plaintiff,** | * | **CASE NO.** |
| **v.** | * | |
| **SAM'S WEST, INC.; SAM'S EAST, INC.; SAM'S REAL ESTATE BUSINESS TRUST, INC.; WAL-MART STORES EAST, LP; WALMART, INC.; BRIXMOR PROPERTY GROUP, INC.; BRIXMOR GA SPRINGDALE/MOBILE LIMITED PARTNERSHIP, et al.,** | * | **(Formerly in the Circuit Court of Mobile County, Alabama; Case No. CV-2020-901156)** |
| **Defendants.** | * | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Brixmor Property Group, Inc. and Brixmor GA Springdale/Mobile Limited Partnership (collectively, the "Brixmor Defendants"), by and through their undersigned counsel, hereby remove this action from the Circuit Court of Mobile County, Alabama to the United States District Court for the Southern District of Alabama, Southern Division. In support of this Notice of Removal, the Brixmor Defendants state as follows:

## Procedural Posture

1.      Plaintiff filed her Complaint on May 28, 2020, in the Circuit Court of Mobile County, Alabama. (Complaint, attached as Exh. 1).

{B3520614}

2.     This action arises out of injuries allegedly sustained by Plaintiff at the Sam's Club located at 601 East I-65 Service Road South, Mobile, Alabama on or about July 26, 2018 (Id. at ¶ 9).

3.     Defendant Brixmor Property Group, Inc. was served via first-class mail to Corporation Service Co. in Montgomery, Alabama on June 1, 2020. (Notice of Service, attached as Exh. 2).  Defendant Brixmor GA Springdale/Mobile Limited Partnership was also served via first-class mail to Corporation Service Co. on June 1, 2020.  (Notice of Service, attached as Exh. 3).

4.     The Complaint demands judgment "for compensatory and punitive damages to be determined by a struck jury, interest and the costs of this action." (Exh. 1).

## Propriety of Removal

5.     This action is removable pursuant to 28 U.S.C. § 1441(a) which states that removal is appropriate in "any civil action brought in a State court of which the district courts of the United States would have original jurisdiction[.]"  28 U.S.C. § 1441(a). The district courts of the United States have original jurisdiction over this matter under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum or value of Seventy-Five Thousand and No/100 Dollars ($75,000), exclusive of interest and costs.  28 U.S.C. § 1332(a).

6.     The United States District Court for the Southern District of Alabama, Southern Division, encompasses the county in which the state court action is now pending, thus this Court is the proper venue for this action pursuant to 28 U.S.C. § 81(b)(3) and 28 U.S.C. § 1441(a).

7.     Copies of all process, pleadings, and other papers served on or received by the Brixmor Defendants and the entire Circuit Court file for Mobile County, Alabama are attached hereto as Exhibit 4.  The Circuit Clerk of Mobile County, Alabama has been notified of this removal.

8.     Section 1446 of the U. S. Code governs the procedure for removal and provides that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons …. to file [a] notice of removal." 28 U.S.C. §1446(b)(2)(B). The Brixmor Defendants were served on June 1, 2020; this Notice of Removal is filed within thirty (30) days of service of the Complaint. (Exhs. 2 and 3).

9.     Section 1446(c)(1) also states that a matter may not be removed under subsection (b)(3) on the basis of diversity jurisdiction more than one year after the commencement of the case. 28 U.S.C. § 1446(c)(1).  Plaintiff's Complaint was filed on May 28, 2020. (Exh. 1). The Brixmor Defendants file this Notice of Removal within one year of the commencement of this action. (*Id*.) No previous application for removal has been made. (Exh. 4).

### The Complete Diversity Requirement has been satisfied.

10.     This action is removable pursuant to 28 U.S.C. § 1441.  Removal is appropriate in that there exists complete diversity of citizenship between Plaintiff and the Defendants.  28 U.S.C. § 1441.

11.     In her Complaint, Plaintiff identifies herself as a resident of Mobile County, Alabama.  (Exh. 1 at ¶ 1). Accordingly, at the time this suit was initiated, at the present

time, and at all intervening times, Plaintiff was and is a citizen of the state of Alabama. (*Id*.).

12.     Defendant Brixmor Property Group, Inc. is a Maryland corporation with its principal place of business in New York.  (Affidavit of Nicki Perkins, attached hereto as Exh. 5 at ¶ 4).  "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).   Accordingly, for diversity purposes, Brixmor Property Group, Inc. is a citizen of the states of Maryland and New York.

13.     Defendant Brixmor GA Springdale/Mobile Limited Partnership is a limited partnership.   For the purpose of determining diversity, the citizenship of a limited partnership is the citizenship of each of its members.   Blalock v. Wal-Mart Stores East, LP, Civ. No. 1:06CV381-MHT (WO), 2006 WL 1669849 at 1 (S.D. Ala. June 16, 2006) (citing Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1021 (11th Cir. 2004)).   The sole member of Defendant Brixmor GA Springdale/Mobile Limited Partnership is Brixmor GA Springdale Member LLC.[1]  (Id. at ¶5).  Brixmor GA Springdale Member LLC is incorporated under the laws of Delaware with its principal place of business in New York.   (Id. at ¶5). Accordingly, Defendant Brixmor GA

---

[1] Brixmor GA Springdale Member LLC has one member – Brixmor GA PUT Portfolio, which is a Delaware limited liability company with its principal place of business in New York.  (Id. at ¶ 6).

4

Springdale/Mobile Limited Partnership is a citizen of the states of Delaware and New York.

14.     Defendants Sam's East, Inc. and Sam's West, Inc. are corporations incorporated under the laws of the state of Arkansas with their principal places of business in Arkansas.  (Secretary of State Detail, attached hereto as Exh. 6).  Therefore, for diversity purposes, Sam's East, Inc. and Sam's West, Inc. are deemed citizens of the state of Arkansas.  28 U.S.C. § 1332.

15.     Defendant Sam's Real Estate Business Trust, Inc. is a corporation incorporated under the laws of the state of Delaware with its principal place of business in Arkansas.  (Secretary of State Detail, attached hereto as Exh. 7).  Therefore, Sam's Real Estate Business Trust, Inc. is a citizen of the states of Delaware and Arkansas.

16.     Defendant Wal-Mart Stores East, LP is a limited partnership consisting of a general partner – WSE Management, LLC – and a limited partner – WSE Investment, LLC.  Both WSE Management, LLC and WSE Investment, LLC are incorporated under the laws of Delaware and have their principal places of business in Arkansas.  (Secretary of State Detail, attached hereto as Exh. 8).  Therefore, Defendant Wal-Mart Stores East, LP is deemed to be a citizen of Delaware and Arkansas.

17.     Defendant Walmart Inc. is a Delaware corporation with its principal place of business in Arkansas; thus, it is deemed a citizen of Delaware and Arkansas. (Secretary of State Detail, attached hereto as Exh. 9).

18.     The citizenship of fictitious parties A, B, C, D, E, F, G, H, I, J, K, L, M, N, O, P, Q, R, S, T, U, and V must be disregarded for purposes of removal.  *See* 28 U.S.C. § 1441(a).

19.     Thus, there is complete diversity amongst the parties.

**The Amount in Controversy Requirement has been satisfied.**

20.     Section 1446 requires that the removing party establish that the amount in controversy exceeds $75,000.00 by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B). See also Tapscott v. MS Dealer Service Corp.*,* 77 F.3d 1353, 1359-60 (11th Cir. 1996), *abrogated on other grounds* by Cohen v Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000), and Pretka v. Kolter City Plaza II, Inc.*,* 608 F.3d 744, 754 (11th Cir. 2010) ("a removing Defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it").

21.     The U.S. Supreme Court has held:

> In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegations.

Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 135 S. Ct. 547, 554 (2014).

22.     Although the Complaint does not set forth the amount in controversy, Plaintiff has made a pre-suit demand that exceeds the sum of $75,000.00. (Exh. 10).  This Court has previously stated:

> Settlement offers "count[] for something" in determining whether a plaintiff's claim exceeds the jurisdictional requirement of $75,000, exclusive of interest and cost.

Benandi v. Mediacom Southeast, LLC, Civ. No. 11-00498-CG-N, 2011 WL 5077403, at *2  (S. D. Ala. Sept. 20, 2011), citing Burns v. Windsor Ins. Co., 31 F. 3d 1092, 1097 (11th Cir. 1994).

23.   Plaintiff asserts she sustained injury to her "left elbow, hip, and right leg," and she was "knocked, shocked, bruised, contused and injured over her entire body." (Ex. 1 at ¶ 14).  Plaintiff also alleges that she is "unable to perform some of her normal activities; she has undergone and will continue to undergo significant medical treatment for her condition; she has incurred and will continue to incur expenses related to her injury; she has suffered and will continue to suffer in the future from severe pain and mental anguish; and she has otherwise been permanently injured and damaged. (Id. at ¶ 16).

24.   Further, Plaintiff has made a demand of $500,000.00 for the full and final settlement of her claim. (Exh. 10).

25.   The allegations of the Complaint, as well as Plaintiff's demand letter, satisfy the Brixmor Defendants' burden of proof to show by a preponderance of the evidence that the amount in controversy in this matter meets federal jurisdictional requirements. Accordingly, this case is removable pursuant to 28 U.S.C. §§ 1332 and 1441.

26.   Defendants Sam's East, Inc., Sam's West, Inc., Sam's Real Estate Business Trust, Inc., Wal-Mart Stores East, LP, and Wal-Mart, Inc. consent to this removal and

will be filing their consent with the Court contemporaneously with the filing of this Notice of Removal.

### **All Prerequisites for Removal Have Been Satisfied**

27.     As set forth above, this Notice of Removal has been filed within thirty (30) days of service on these Defendants and is based upon 'other paper' which clearly establishes that the amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000) Dollars, exclusive of interest and costs, and complete diversity of citizenship among the parties.

28.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

29.     A copy of this Notice of Removal is being served on Plaintiff and filed with the Circuit Court of Mobile County, Alabama.

30.     If any question arises as to the propriety of the removal of this action, the Brixmor Defendants request the opportunity to present a brief and/or oral argument in support of their position that this case is removable.

WHEREFORE, Defendants Brixmor Property Group, Inc. and Brixmor GA Springdale/Mobile Limited Partnership, desiring to remove this case to the United States District Court for the Southern District of Alabama, Southern Division, being the district and division of said Court for the county in which said action is pending, pray that the filing of this Notice of Removal with the Clerk of the Circuit Court of Mobile County, Alabama shall affect a removal of said suit to this Court.

*/s/ Bonnie B. Minopoli*
M. WARREN BUTLER (BUTLM3190)
BONNIE BRANUM MINOPOLI (MINOB0459)
Attorneys for Defendants
Brixmor Property Group, Inc. and
Brixmor GA Springdale/Mobile Limited Partnership
Starnes Davis Florie LLP
11 North Water Street, Suite 20290
Mobile, AL   36602
Phone:  (251) 433-6049
Fax:  (251) 433-5901
mwb@starneslaw.com
bbm@starneslaw.com

### CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on the following parties or attorneys of record by filing same with the Clerk of Court via CM/ECF, AlaFile or by U. S. MAIL, postage prepaid, this the 22nd day of June, 2020:

Patrick G. Montgomery, Esq.
Morgan & Morgan Alabama, PLCC
63 S. Royal St., Ste. 710
Mobile, AL 36602
*Attorneys for Plaintiff*

Sam's West, Inc.
c/o CT Corporation System (Registered Agent)
2 North Jackson St., Ste. 605
Montgomery, AL 36104

Sam's East, Inc.
c/o CT Corporation System (Registered Agent)
2 North Jackson St., Suite 605
Montgomery, AL 36104

Sam's Real Estate Business Trust, Inc.
c/o CT Corporation System (Registered Agent)
2 North Jackson Street, Suite 605
Montgomery, AL 36104

Wal-Mart Stores East, LP
c/o CT Corporation System (Registered Agent)
2 North Jackson St., Suite 605
Montgomery, AL 36104

Walmart, Inc.
c/o CT Corporation System (Registered Agent)
2 North Jackson St., Suite 605
Montgomery, AL 36104


*/s/ Bonnie B. Minopoli*
BONNIE BRANUM MINOPOLI (MINOB0459)