

ELECTRONICALLY FILED
5/28/2020 2:12 PM
02-CV-2020-901156.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

**JEWEL MARY HARRELSON,**

    Plaintiff,

v.              **CIVIL ACTION NO.:**

**SAM'S WEST, INC., SAM'S EAST, INC., SAM'S REAL ESTATE BUSINESS TRUST, INC., WAL-MART STORES EAST, LP, a foreign limited partnership doing business in Alabama, WALMART, INC., a foreign corporation doing business in Alabama, and BRIXMOR PROPERTY GROUP, INC., BRIXMOR GA SPRINGDALE/MOBILE LIMITED PARTNERSHIP,**

There may be other entities whose true names, identities and proper party Defendants are unknown to the Plaintiff at this time who may be legally responsible for the claim(s) set forth herein and who may be added by amendment by the Plaintiff when their names, identities and proper party status are accurately ascertained by further discovery.  Until that time, the Plaintiff will designate these parties in accordance with ARCP 9(h).  The word "entity" as used herein is intended to refer and include any and all legal entities including persons, any and all forms of partnership, any and all types of corporation and unincorporated associations and any and all limited liability companies.  The symbol by which these party(ies) defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterizations of the symbol applies to more than one entity.  In the present action, the party Defendants which the Plaintiff must include by descriptive characterization are as follows:

DEFENDANT "A", the legal entity responsible for the hazardous condition located in the parking lot at Sam's Club, #8102 located at or near 601 E. I-65 Service Rd. S., Mobile, Alabama;
DEFENDANT "B", the legal entity who or which failed to warn the Plaintiff of the unreasonably dangerous or defective condition of the premises on the occasion described herein;
DEFENDANT "C", the legal entity who or which failed to train the individual(s) responsible for warning the public of the unreasonably dangerous or defective condition of the premises on the occasion described herein;
DEFENDANT "D", the legal entity responsible for creating the unreasonably dangerous or defective condition of the premises on the occasion described herein;
DEFENDANT "E", the legal entity who or which owned, maintained or had any interest in the premises involved in the occurrence made the basis of this lawsuit;
DEFENDANT "F", the legal entity who or which was the lessor of the premises involved in the occurrence made the basis of this lawsuit;
DEFENDANT "G", the legal entity who or which was the lessee of the premises involved in the occurrence made the basis of this lawsuit;
DEFENDANT "H", the legal entity who or which controlled and/or had the right to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence;

**DEFENDANT "I"**, the legal entity who or which controlled or had the right to control the access, ingress, egress, or entrance to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence;

**DEFENDANT "J"**, the legal entity who or which conducted safety inspections or analysis at or with referenced to the site of the occurrence made the basis of this lawsuit; prior to the date of said occurrence;

**DEFENDANT "K"**, the legal entity including, but not limited to the general liability insurance carrier of the entity which owned, occupied or maintained the premises involved in the occurrence made the basis of this lawsuit, which conducted any safety inspection or analysis of or with regard to the premises involved in the occurrence made the basis of this lawsuit at any time prior to said occurrence;

**DEFENDANT "L"**, the legal entity who or which provided any insurance coverage, of whatever kind or character, for any of the named defendants or fictitious party defendants listed or named herein;

**DEFENDANT "M"**, the legal entity whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit;

**DEFENDANT "N"**, the legal entity who or which is the successor in interest of any of those entities described above;

**DEFENDANT "O"**, the legal entity who or which provided any cleaning service and/or maintenance of the premises involved in the claim made the basis of this lawsuit;

**DEFENDANT "P"**, the legal entity who or which planned, designed or constructed the facility involved in the occurrence made the basis of this lawsuit;

**DEFENDANT "Q"**, the legal entity who or which was the architect, engineer, contractor or subcontractor involved in the planning, design or construction of the parking lot involved in the occurrence made the basis of this lawsuit;

**DEFENDANT "R"**, the legal entity who or which supervised or trained the person(s) responsible for the premises involved in the occurrence made the basis of this lawsuit;

**DEFENDANTS, "S", "T", "U", AND "V"**, those other legal entities whose combined and concurrent negligence, wantonness or other wrongful conduct contributed to cause the Plaintiff's injuries involved in the incident made the basis of this suit. All of the above fictitious party Defendants' true and correct names are otherwise unknown at this time but will be supplied by amendment and substitution when ascertained,

    **Defendants.**

## PLAINTIFF'S COMPLAINT

<u>STATEMENT OF THE PARTIES</u>

1.    Plaintiff, JEWEL MARY HARRELSON, is over the age of nineteen years and is a resident citizen of Mobile, Mobile County, Alabama.

2. Defendant, SAM'S WEST, INC., is a foreign corporation who actively conducts business in the State of Alabama and specifically in this case, upon information and belief, in Mobile County, Alabama.

3. Defendant, SAM'S EAST, INC., is a foreign corporation who actively conducts business in the State of Alabama and specifically in this case, upon information and belief, in Mobile County, Alabama.

4. Defendant, SAM'S REAL ESTATE BUSINESS TRUST, INC., is a foreign corporation who actively conducts business in the State of Alabama and specifically in this case, upon information and belief, in Mobile County, Alabama.

5. Defendant, WAL-MART STORES EAST, LP, is a foreign limited partnership who actively conducts business in the State of Alabama and specifically in this case, upon information and belief, in Mobile County, Alabama.

6. Defendant, WALMART INC., is a foreign corporation who actively conducts business in the State of Alabama and specifically in this case, upon information and belief, in Mobile County, Alabama.

7. Defendant, BRIXMOR PROPERTY GROUP, INC., is believed to be a domestic corporation doing business at all material times in Mobile, Alabama.

8. Defendant, BRIXMOR GA SPRINGDALE/MOBILE LIMITED PARTNERSHIP, is believed to be a domestic limited partnership doing business at all material times in Mobile, Alabama.

**STATEMENT OF THE FACTS**

9. On or about the 26th day of July, 2018, Plaintiff, JEWEL MARY HARRELSON, was a patron on Defendant's/Defendants' premises located at 601 E. I-65 Service Rd. S., Mobile,

Alabama. As Mrs. Harrelson was exiting Sam's Club, #8102, and walking in the parking lot, she tripped and fell on a dip in the pavement between the concrete and the asphalt.

10. At said time and place, the Defendants, those named and named as fictitious party defendants in the caption of the Complaint, failed to properly maintain and/or mark the hazardous area of the parking lot at the Sam's Club located at 601 E. I-65 Service Rd. S., Mobile, Alabama, thus creating a hazardous condition.

11. Defendants, those named and named as fictitious party defendants in the caption of the Complaint, failed to properly maintain and/or mark the hazardous area of the parking lot at the Sam's Club located at 601 E. I-65 Service Rd. S., Mobile, Alabama, in order to protect the public from injury.

12. Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, created a deceptive, defective and unreasonably dangerous condition by failing to properly maintain and/or mark the hazardous area of the parking lot at the Sam's Club located at 601 E. I-65 Service Rd. S., Mobile, Alabama.

13. While exiting Sam's Club, #8102, the Plaintiff, JEWEL MARY HARRELSON, tripped and fell on the defective and unreasonably dangerous condition. No warning was present that said the defective and unreasonably dangerous condition existed, and no safety devices were used to warn and protect the public from injury as a result of said condition. As a result, the Plaintiff, JEWEL MARY HARRELSON, was injured and damaged.

14. As a direct and proximate consequence of the deceptive, defective and unreasonably dangerous condition of the parking lot pavement between the concrete and asphalt, the Plaintiff, JEWEL MARY HARRELSON, sustained an injury, amongst other things, to her left elbow, hip, and right leg. Furthermore, Plaintiff, JEWEL MARY HARRELSON, was

4

knocked, shocked, bruised, contused and injured over her entire body.

15. Plaintiff, JEWEL MARY HARRELSON, underwent, and continues to undergo, significant medical treatment, including physical therapy, for the injuries she received in the occurrence made the basis of this lawsuit.

16. Plaintiff, JEWEL MARY HARRELSON, is unable to perform some of her normal activities; she has undergone and will continue to undergo significant medical treatment for her condition; she has incurred and will continue to incur expenses related to her injury; she has suffered and will continue to suffer in the future from severe pain and mental anguish; and she has otherwise been permanently injured and damaged.

## COUNT I
## NEGLIGENCE

17. Plaintiff, JEWEL MARY HARRELSON, re-alleges all prior paragraphs of this Complaint as if fully set forth herein.

18. Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, negligently caused or allowed said area of the parking lot pavement between the concrete and asphalt where Plaintiff exited Sam's Club, #8102 to be in such a deceptive, defective and unreasonably dangerous condition that Plaintiff was caused to trip and fall.

19. Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, knew, should have known or could have known of the unsafe condition and negligently failed to warn the Plaintiff, JEWEL MARY HARRELSON, of the condition.

20. Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, negligently failed to instruct and train its employees with respect to the maintenance and safety of the premises.

21. Defendants, those named and named as fictitious party Defendants in the caption

of the Complaint, negligently failed to inspect said premises in a timely manner.

22. Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, negligently failed to train, manage and/or adequately supervise the employees about the condition of the parking lot pavement between the concrete and asphalt area which caused Plaintiff, JEWEL MARY HARRELSON's injuries on July 26, 2018.

23. Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, negligently failed to adequately warn of the hazards associated with the use of the premises on which the Plaintiff was injured.

24. Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, negligently failed to properly warn Plaintiff of the deceptive, defective, and unreasonably dangerous condition which they created.

25. Defendants, those named and named as fictitious party defendants in the caption of this Complaint, negligently failed to adequately provide literature, instructions and training aids relating to the hazards associated with the failure to properly warn customers of the hazardous conditions in order to protect the public from injury.

26. Defendants, those named and named as fictitious party defendants in the caption of this Complaint, negligently failed to prescribe, adopt, or promulgate rules or policies regarding the maintenance of the parking lot pavement between the concrete and asphalt area, or if said Defendants did prescribe, adopt, or promulgate said rules or policies, Defendants negligently failed to abide by said rules or policies.

27. Defendants, those named and named as fictitious party defendants in the caption of this Complaint, knew or should have known that the failure to maintain the parking lot pavement between the concrete and asphalt area rendered the premises defective and

unreasonably dangerous and that it failed to either warn the Plaintiff of the defective and unreasonably dangerous condition or to make the premises safe. Defendants, those named and named as fictitious party defendants in the caption of this Complaint, maintained its premises in a negligent manner.

28. As a proximate consequence of Defendants', those named and named as fictitious parties in the caption of this Complaint, negligence, Plaintiff, JEWEL MARY HARRELSON, was injured and damaged as alleged in paragraphs 14 - 16, above.

WHEREFORE, Plaintiff, JEWEL MARY HARRELSON, demands judgment against Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, in an amount to be determined by a struck jury, interest and the costs of this action.

## COUNT II
## WANTONNESS

29. Plaintiff, JEWEL MARY HARRELSON, re-alleges all prior paragraphs of this Complaint as if fully set forth herein.

30. Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, wantonly caused or allowed said parking lot pavement between the concrete and asphalt area where Plaintiff exited Sam's Club, #8102 to be in such a defective and unreasonably dangerous condition that Plaintiff was caused to slip and fall.

31. Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, knew, should have known or could have known of the unsafe condition and wantonly failed to warn the Plaintiff, JEWEL MARY HARRELSON, of the condition.

32. Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, wantonly failed to instruct and train its employees with respect to the maintenance and safety of the premises.

33. Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, wantonly failed to inspect said premises in a timely manner.

34. Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, wantonly failed to train, manage and/or adequately supervise the maintenance of the parking lot pavement between the concrete and asphalt area which caused Plaintiff, JEWEL MARY HARRELSON's injuries on July 26, 2018.

35. Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, wantonly failed to adequately warn of the hazards associated with the use of the premises on which the Plaintiff was injured.

36. Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, wantonly failed to properly safeguard the parking lot pavement between the concrete and asphalt area and the defective and unreasonably dangerous condition which they created.

37. Defendants, those named and named as fictitious party defendants in the caption of this Complaint, wantonly failed to adequately provide literature, instructions and training aids relating to the hazards associated with the failure to properly maintain the parking lot pavement between the concrete and asphalt area in order to protect the public from injury.

38. Defendants, those named and named as fictitious party defendants in the caption of this Complaint, wantonly failed to prescribe, adopt, or promulgate rules or policies regarding the maintenance of its premises, or if said Defendants did prescribe, adopt, or promulgate said rules or policies, Defendants wantonly failed to abide by said rules or policies.

39. Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, knew or should have known that the lack of maintenance of the parking lot

pavement between the concrete and asphalt area rendered the premises defective and unreasonably dangerous and that it failed to either warn the Plaintiff of the defective and unreasonably dangerous condition or to make the premises safe. Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, maintained its premises in a wanton manner.

40. As a proximate consequence of Defendants', those named and named as fictitious parties in the caption of this Complaint, wantonness, Plaintiff, JEWEL MARY HARRELSON, was injured and damaged as alleged in paragraphs 14 - 16, above.

WHEREFORE, Plaintiff, JEWEL MARY HARRELSON, demands judgment against Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, for compensatory and punitive damages to be determined by a struck jury, interest and the costs of this action.

### COUNT III

Plaintiff re-alleges all prior paragraphs of this Complaint as if fully set forth herein. The negligence, wantonness, recklessness, and negligent, reckless, and wanton supervision and training, or other wrongful conduct of the Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, combined and concurred to proximately cause the Plaintiff's injuries.

WHEREFORE, Plaintiff, JEWEL MARY HARRELSON, demands judgment against Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, for compensatory and punitive damages to be determined by a struck jury, interest and the costs of this action.

**\*\*\* PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY\*\*\***

          Respectfully Submitted,

          */s/ Patrick G. Montgomery*
          Patrick G. Montgomery (MON062)
          Attorney for Plaintiff

OF COUNSEL:
Morgan & Morgan Alabama, PLLC
63 S. Royal Street, Suite 710
Mobile, AL 36602
Phone: (251) 800-6030
Facsimile: (251) 800-6050
Email: pmontgomery@forthepeople.com

**PLEASE SERVE BY CERTIFIED MAIL:**

Sam's West, Inc.
c/o CT Corporation System (Registered Agent)
2 North Jackson St., Ste. 605
Montgomery, AL 36104

Sam's East, Inc.
c/o CT Corporation System (Registered Agent)
2 North Jackson St., Suite 605
Montgomery, AL 36104

Sam's Real Estate Business Trust, Inc.
c/o CT Corporation System (Registered Agent)
2 North Jackson Street, Suite 605
Montgomery, AL 36104

Wal-Mart Stores East, LP
c/o CT Corporation System (Registered Agent)
2 North Jackson St., Suite 605
Montgomery, AL 36104

Walmart, Inc.
c/o CT Corporation System (Registered Agent)
2 North Jackson St., Suite 605
Montgomery, AL 36104

Brixmor Property Group, Inc.
c/o Corporation Service Company, Inc. (Registered Agent)
641 South Lawrence Street
Montgomery, AL 36104

Brixmor GA Springdale/Mobile Limited Partnership
c/o Corporation Service Company, Inc. (Registered Agent)
641 South Lawrence Street
Montgomery, AL 36104